**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STEVEN MACON,<br><br>Plaintiff,<br><br>v.<br><br>LOCKE SUPPLY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2380-SLP |

**O R D E R**

Plaintiff, appearing pro se, filed an Amended Complaint [Doc. No. 4] against a Defendant, Locke Supply. Plaintiff's Amended Complaint is subject to screening pursuant to 28 U.S.C.§ 1915(e)(2) and the Court may sua sponte dismiss the Complaint if it "fails to state a claim on which relief may be granted." *Id*., §1915(e)(2)(B)(ii).

The Court previously dismissed Plaintiff's Complaint for failure to comply with Rule 12 and Rule 8 of the Federal Rules of Civil Procedure, but gave him leave to amend. *See* Order [Doc. No. 3]. The Amended Complaint suffers from similar deficiencies. While Plaintiff provided more factual allegations, the Court is unable to discern the nature of the claim(s) he intends to raise. Plaintiff makes references to a discrimination and retaliation claim but does not set forth any allegations relating to a protected classification.[1] Plaintiff alleges "[t]he true motivating factor behind my termination was illegal retaliation for documenting and reporting an unsafe workplace environment." Am. Compl. [Doc. No. 4]

[1] Plaintiff's original Complaint [Doc. No. 1] previously alleged discrimination and retaliation by Locke Supply on the basis of "race, color, and age." *See* Compl. [Doc. No. 1] at 3. Plaintiff's Amended Complaint makes no reference to such classifications.

at 3. Even if the Court were to construe Plaintiff's allegation as a claim of retaliation under the statutes relating to the Occupational Safety and Health Administration (OSHA), courts have consistently found there is no private right of action for a retaliation claim under OSHA. *See, e.g., Chaney v. Wal-mart Stores Inc.*, No. CIV-15-592-R, 2015 WL 6692108, *9 (W.D. Okla. Nov. 3, 2025) (collecting circuit court authority that hold "OSHA contains no private right of action"); *Rakestraw v. Hershey Company*, No. 25-2682-JWB, 2026 WL 1109359 (D. Kan. April 24, 2026) ("Plaintiff's OSHA retaliation claim fails because the plain language of 29 U.S.C. § 660(c) . . . does not confer a private right of action.").

Furthermore, even if Plaintiff could bring a retaliation claim under OSHA, Plaintiff has not exhausted his remedies as required by the statute. "Any employee who believes that he has been discharged or other discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary [of the Department of Labor] alleging such discrimination." 29 U.S.C. § 660(c)(2); *see also Chaney*, 2015 WL 6692108 at *10 (finding, in the alternative, that plaintiff failed to exhaust administrative requirements of § 660). Plaintiff has not alleged that he filed a complaint with the Department of Labor, within thirty days of his termination on November 23, 2025, relating to discrimination and retaliation for reporting an OSHA violation.

Regardless of whether OSHA allows a private right of action for retaliation, Plaintiff has failed to state a viable claim. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (A complaint must contain "enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Because Plaintiff's Amended

Complaint fails to state any claims upon which relief may be granted, the Court finds that the action is subject to dismissal.

IT IS THEREFORE ORDERED that Plaintiff's action is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 13th day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**